Good morning. May it please the Court, Faye Arf on behalf of Mr. Burbine. This seems like a classic case where the confrontation clause was violated. We had a six-year-old who was physically present in court and gave a few answers, but this really couldn't be testimony. The six-year-old was available to talk about present things like what color am I looking at and am I inside or outside or am I a judge? But the six-year-old really could not testify about anything that went back in time. He was only capable of testifying about what was presently in front of him. In fact, he couldn't even identify the defendant, Mr. Burbine. So it would seem that even though he was present in court, he really wasn't available to testify. He responded to some answers with a lot of prodding, but he really didn't know what was going on. He was six-year-old at the time he testified in kindergarten, couldn't spell. And the incident happened when he was four years old. And this was just a brief statement, uncorroborated, that he made to his mother. And she obviously had her own motives for pursuing this action. So we're basically saying that even though the child was there, he had no capacity to testify. But it's an interesting case in theory because you did have the opportunity to confront, did have the opportunity to cross-examine. And I take your point, but it is the confrontation clause, not the clause that allows you to have a successful confrontation. Well, what happened in this case was even though he had the right to confront him, the child never testified about the pertinent facts. He couldn't remember anything. So the cases that I've cited in the brief show that the testimony has to be meaningful in order to be able to confront and cross-examine your witness. When you don't have meaningful testimony, there's really you're unable to cross-examine him. He has to be available. You just can't put someone up who has no capacity and say, okay, well, you have your chance, and go ahead and cross-examine because that's really not an available witness. Isn't that pretty effective cross-examination? I don't remember. I don't recognize that person. I've never seen him before. Well, then, yes, but that would have been cross-examination. That would be fine. Okay? That would be fine. Except what you did in this case, they took it one step further. They would have let the witness testify, fine. But then they brought in this out-of-court statement to his mother, and that violated the confrontation clause because the child was clearly unavailable to testify about the prior statement. Well, the child was there. I mean, I understand your point, but didn't that effectively make the same point that you were trying to make? In other words, you doubted the authenticity of the prior statement. You put the child on, and the child doesn't remember anything. Right. So the child is potentially there. But we have no argument with the child's testimony or putting the child on. The question was, did that open the door for you to allow in the mother's testimony of what he told her? And the court of appeal found that it was reliable because it was his mother and the guy was the friend. But what the court of appeal failed to recognize was there was an extremely biased witness. And we don't know all the questioning that went on. In other words, when he said something like, Brad's my friend because he gives me candy, the mother started to question him. Well, he can't be your friend because he gives you candy, and then that led to other statements by the child. But again But you had the mother there. You were able to cross-examine her or the lawyer was able to cross-examine her as to her potential biases, correct? Yes, he did. He did cross-examine her slightly.  because you really couldn't. It seems rather unfair, especially in a case like this where it seems like all you have to do is get a child out of court. When you look at the ramifications, you get a four-year-old child to make a damaging statement against a person and then bring the child in who can't say anything, and the guy gets convicted of a very serious crime against a child. It's not unusual. I understand the flaws in the system, but frankly it's not unusual for that scenario to occur. It cuts both ways, obviously. The child's memory may cover up some serious abuse, too. That's the other side of the coin. You're making essentially sort of a hearsay objection. What elevates that to a confrontation clause violation? Well, hearsay objection is basically you're saying that it's an out-of-court statement used to prove... I understand that, but we're on federal habeas, so having an evidentiary error is not enough. It has to rise to the level of a constitutional violation. So what distinguishes this from the run-of-the-mill hearsay problem? Well, because in this case there was a confrontation problem, because even under the statute, the child one of the things that the statute requires, the California statute, Evidence Code 1360, is that the child be available to... The child has to be available to testify. What is your best case for reading availability so broadly as you do? Well, I cited several of them in my opening brief. What I'm really asking is what is the closest precedent you can cite to us of finding a constitutional violation on the basis that the witness was present, able to answer questions, but effectively unavailable because the child had no memory of the person or the incident that he was able to communicate to the jury? Well, I have the Fifth Circuit case, which is on page 16. A very liberal circuit in this area. I thought this was the liberal court. So, yeah, and I've cited several on page 16. What's your best Supreme Court case? I mean, this was on federal habeas, so we're confined to fairly established federal laws defined by the United States Supreme Court. If you had to leave us with one case that we would go back and look at, what would it be? Well, I thought it was Crawford. Yeah. I think basically we have to look through the Crawford lens, don't we? Yes. But the Crawford talks about unavailability. So that's why my focus was on the unavailability of the witness. I just wanted to say just a few things before my time runs out and save a little for rebuttal. In this case, there were three victims, three accusers. Counts two through five involving one of them were actually kicked out. Either he was acquitted by the jury, and then one was reversed on appeal. So we were left with two victims and basically two counts, and this was one of them. So when you look at the entirety of the case, you talk about the mother, the first thing she did was call the neighbor across the street who already had suspicions. They had restraining orders. And that was one of the victims that was convicted. And then this first one, where there's almost nothing corroborating. So just in terms of the entire scenario as to how this went down, it would seem that it was a violation of his confrontation rights to have brought in the little 6-year-old who really couldn't say much anyway. So you have about a minute left. Why don't you reserve it? Thank you. Good morning. May it please the Court. As the Court recognizes, the inquiry here is very restricted. It's whether the state court's decision was contrary to or an unreasonable application of clearly established Supreme Court law. We've identified what we think are the relevant Supreme Court cases here, and they are Delaware v. Finsterer and United States v. Owens. And I think one of the quotes from Owens is very powerful, and it says, this Court has never held that a confrontation clause violation can be founded upon a victim's loss of memory. And that's this case. Appellant didn't address either of those cases in her brief, and I'm not really sure why she thinks this case is any different. The child appeared in court. He was able to answer all the questions put to him by the prosecutor. The prosecutor asked him if he recognized the defendant. He asked if he remembered him. He asked questions, if he remembered anything about the incident. The child answered all those questions. He couldn't remember some, but he answered them. Did he answer anything other than that he didn't remember? Yeah, he did. He did say that he remembered Brad, and he also remembered going into his truck. So he could remember certain things, but when it came to the actual sexual assault, he couldn't remember. They also asked him if he remembered telling his mom or the police about what had happened to him, and he said that he couldn't remember. But there were many things that he could remember. And also, as Your Honor pointed out, defense counsel was actually able to exploit this loss of memory and use that in his closing argument as example of, you know, the lack of evidence supporting a conviction in this case. So it's our position that there was no confrontation clause violation, and unless there are any further questions, I'm prepared to submit the matter. All right. Any further questions of the panel? Thank you, counsel. Thank you. Just briefly, I did cite some cases in my reply brief on page 2 that say that federal constitution questions arise when a hearsay exception or court procedure prevented effective cross-examination. And again, we're not challenging the child. We're saying, okay, if you want to put on a witness who can't testify, that's fine. What we're challenging is the out-of-court statement that he told his mother. And on those grounds, we feel that that statement violated his Sixth Amendment right to confront and cross-examine witnesses. If the witness is unavailable, if the witness has no capacity to testify, then it seems really unfair to bring in an out-of-court statement that really can't be refuted one way or the other. Thank you, counsel. Thank you both for your arguments. And the case just heard will be submitted for decision.
judges: Rosenthal, Fletcher B. , Thomas